**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

IN RE:

| | | |
|---|---|---|
| **PHYLLIS A. SANNER,** | : | **Bankruptcy No. 04-31975 BM** |
| | : | |
| | : | |
| **Debtor** | : | **Chapter 7** |

*************************************************

| | | |
|---|---|---|
| **CHARLES O. ZEBLEY JR., TRUSTEE,** | : | |
| | : | |
| **Movant** | : | |
| | : | |
| **v.** | : | **Doc. # 28: Trustee's Objection To** |
| | : | **Claim Of Exemptions** |
| **PHYLLIS A. SANNER,** | : | |
| | : | |
| **Respondent** | : | |

Appearances:  Charles O. Zebley Jr., Esq., Chapter 7 Trustee
Raymond P. Bartholomew, Esq. for Debtor

**MEMORANDUM OPINION**

The chapter 7 trustee objects to exemptions debtor has taken pursuant to § 522 (b)(2)(B) of the Bankruptcy Code in property in which she has an interest as a tenant by the entirety.  According to the trustee, debtor's interest in the entireties property is not "exempt from process under applicable non-bankruptcy law" for purposes of § 522(b)(2)(B) because some of the debts listed on the bankruptcy schedules are owed jointly by debtor and her husband.

Debtor asserts that the trustee's objection is unfounded and maintains that the exemptions should be allowed in the full amount claimed.

We conclude that the exemptions are allowable, but must be reduced by $10,397.84 because of a debt which is jointly owed by debtor and her husband.

## – FACTS –

Debtor filed a voluntary chapter 7 petition on September 9, 2004. Her husband did not join in the petition as he has, in the very recent past, filed and received a discharge pursuant to chapter 7 of the Bankruptcy Code.  A chapter 7 trustee was appointed shortly after the petition was filed.

Included among the assets listed on debtor's schedules are two tracts of real property which debtor owns with her husband as tenants by the entirety.  Their marital residence is situated on one of the tracts. The tracts have a combined declared value of $370,000 and are subject to two mortgage liens totaling $231,263.81.  Debtor has taken an exemption in the amount of $0 in the tract of land upon which the marital residence is situated and an exemption in the amount of $33,536 in the other tract.  The exemptions are based on § 522(b)(2)(B) of the Bankruptcy Code.

The schedules also list personalty with a total declared value of $37,780.  A small portion of the personalty is owned solely by debtor, while the remainder is owned jointly with her husband as tenants by the entirety.

Included among the personalty in which debtor has an interest as a tenant by the entirety are: cash on hand ($80); household goods ($1,750); an interest in a corporation ($25,000); various motor vehicles ($7,750); and various tools ($2,700).  The assets owned solely by debtor have a combined declared value of $500.

Debtor has exempted every asset listed on the schedules, leaving nothing for creditors.  Property owned solely by debtor was exempted pursuant to § 522(b)(2)(A) of the Bankruptcy Code and 42 Pa. C.S.A. §§ 8123 and 8124.  Property in which debtor has an

interest as a tenant by the entirety was exempted pursuant to § 522(b)(2)(B) and the common law of Pennsylvania pertaining to tenancies by the entirety.

IRS is identified on the schedules as having an unsecured priority claim in the amount of $12,000 for "[p]ersonal income tax resulting from withdrawal of husband's 401k".

The schedules also identify creditors with general unsecured claims totaling $97,290.24.  Fifth Third Bank is listed as having such a claim in the amount of $13,707.08 for a "vehicle lease".

Debtor's husband is identified on the schedules as a co-debtor with respect to the above mortgages, the debt owed to IRS for unpaid income taxes, and the debt owed to Fifth Third Bank.

Fifth Third Bank and IRS filed proofs of claim in this bankruptcy case.  Fifth Third Bank filed an unsecured non-priority claim in the amount of $13,707.08, the same amount as was indicated on debtor's schedules.[1]  IRS filed a proof of claim in the amount of $10,397.84, of which $6,909.39 was an unsecured priority claim and $3,488.45 was an unsecured non-priority claim.

The trustee objected to the exemptions debtor took pursuant to § 522(b)(2)(B) of the Bankruptcy Code and asserts that he may administer the assets in this bankruptcy case because debtor's husband also is liable for some of the debts listed on the bankruptcy schedules.

Debtor received a general discharge in accordance with § 727(a) of the Bankruptcy Code on January 11, 2005.

---

[1.] Although Fifth Third Bank was listed on the schedules, debtor asserted that the debt to it was owed solely by her husband and was listed solely for "cautionary reasons'.  By filing a proof of claim, Fifth Third Bank effectively asserted that debtor also was liable for the debt.

After receiving a discharge, debtor objected to the proof of claim of Fifth Third Bank.  Debtor asserted that the debt in question was owed solely by her husband and was not a joint obligation for which she also was liable.

Debtor and the trustee entered into a stipulation, wherein they agreed that: (1) $3,500 of the general unsecured debts listed on the schedules qualify as "necessaries" for purposes of 23 Pa. C.S.A. § 4102; (2) debtor and her husband are jointly liable for the debt owed to IRS; and (3) the claim of Fifth Third Bank is allowable if and only if its claim is a joint obligation of debtor and her husband.

An evidentiary hearing was held on the trustee's objection to the exemptions debtor took in her interest in the above entireties property. The matter is now ready for decision.

## – DISCUSSION –

Debtor's claimed exemption in the above properties in which she has an interest as a tenant by the entirety is based on § 522(b)(2)(B) of the Bankruptcy Code, which provides as follows:

> (b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this section …. Such property is --- ….
> (2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition ,,,; and
> (B) any interest in which debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety … to the extent that such interest as a tenant by the entirety … is exempt from process under applicable nonbankruptcy law.

11 U.S.C. § 522(b)(2)(B).

Because property law in general and the law regarding tenancies by the entirety in particular are creations of state law, the phrase "applicable nonbankruptcy law" in § 522 (b)(2)(B) refers in this instance to the law of Pennsylvania concerning tenancies by the entirety. *Napotnik v. Equibank and Parkvale Savings Association*, 679 F.2d 316, 318 (3d Cir. 1982).

The phrase "exempt from process" appearing in § 522(b)(2)(B) is understood as meaning "immune from process". *Id.*, 679 F.2d at 319.  Subsection 522(b)(2)(B) was enacted to permit a debtor in bankruptcy to exempt any interest in entireties property that creditors are not able to reach under state law outside of bankruptcy. *Id.*

A tenancy by the entireties is a type of joint tenancy and is based on the common-law fiction that husband and wife are but a single person. *Frederick v. Southwick*, 165 Pa. Super. 78, 83, 67 A.2d 802, 805 (1949).  It is a variety of ownership of real or personal property with the right of survivorship.  Each spouse is seised *per tout et non my* – i.e., of the whole, not a share, moiety or divisible part. *In re Estate of Bulotta*, 798 A.2d 771, 774 (Pa. Super. 2002), *aff'd* 575 Pa. 587, 838 A.2d 594 (2003).

This species of ownership is the exclusive domain of married couples. *First Federal Savings & Loan Association of Greene County v. Porter*, 408 Pa. 236, 242, 183 A.2d 318, 322 (1962).  Until the marriage is terminated by divorce or the death of a spouse, neither spouse may compel partition, sever the entireties property by a unilateral conveyance, or affect the survivorship interest of the other spouse. *Napotnik*, 679 F.2d at 319.

A judgment creditor of only one spouse cannot acquire an enforceable lien on entireties property, or acquire title thereto by sale or execution. *Amadon v. Amadon*, 359

- 5 -

Pa. 434, 439, 59 A.2d 135, 138 (1948).  The judgment creditor has merely a potential lien

based on the debtor spouse's expectancy as sole owner. *Klebach v. Mellon Bank*, 388 Pa.

Super. 203, 208, 565 A.2d 448, 450 (1989).

Entireties property may, however, be reached to satisfy *joint* debts of a husband

and wife.  In this respect it is not "exempt – i.e., immune – from process" in Pennsylvania.

*Napotnik*, 679 F.2d at 320.  A creditor with a judgment on a joint debt may levy upon the

property itself and thus upon the interests therein of both spouses to satisfy the debt. *Id.*,

679 F.2d at 321.

We must determine in this instance whether debtor and her husband are jointly

liable for any debts listed on the bankruptcy schedules.  If they are jointly liable we then

must determine how this affects the exemptions debtor has taken in property in which she

has an interest as a tenant by the entirety.

Debtor and the trustee have stipulated that the claim of IRS arises out of a joint

debt owed by debtor and her husband.  It follows straightforwardly from the above

principles of law that such property is not exempt – i.e., immune – from process under

applicable non-bankruptcy law.  Were debtor not in bankruptcy, IRS could levy upon and

sell such property to satisfy the joint debt.[2]

---

[2.] IRS, it turns out, could satisfy the debt even if only one spouse is liable for unpaid taxes.  The
United States Supreme Court recently held that where federal taxes are owed to IRS by only one
spouse and that spouse owns property as a tenant by the entirety with a spouse who is not also
liable to IRS for the tax, IRS nonetheless may place a lien against entireties property pursuant to
26 U.S.C. § 6321. *U.S. v. Craft*, 535 U.S. 274, 288-89, 122 S.Ct. 1414, 1425-26, 152 L.Ed.2d 437
(2002).

In response to the objection of the trustee to the exemptions debtor has taken in entireties property, debtor asserts in her post-hearing brief that liquidation of such property by the trustee makes "no sense whatsoever". It is unnecessary for the trustee to do so, debtor maintains, because IRS has not sought the trustee's assistance in liquidating entireties property. Debtor further maintains that so doing would inure to the sole benefit of IRS and would prejudice her "fresh start".

It is not obvious what debtor would have us conclude from these statements. She apparently would have us conclude that the trustee therefore should not be permitted for these reasons to liquidate any property in which she has an interest by the entirety. We decline to so conclude for various reasons.

The issue whether the trustee should be permitted to liquidate any property in which debtor has an interest as a tenant by the entirety is not before the court at this time. Because the trustee has not requested approval to do so, it would be premature for us to determine now whether the trustee may do so.

It should be noted in this regard, however, that the trustee is duty-bound to collect and administer property of the bankruptcy estate, to reduce it to money, and to close the case as expeditiously as is compatible with the best interests of *all* parties in interest. 11 U.S.C. § 704(1).

Debtor's assertion that disallowance of the exemptions she has taken in entireties property in which she has an interest and its subsequent liquidation would inure to the sole benefit of IRS is not entirely true. Although it most likely is the case that the lion's share of any liquidation proceeds will go to IRS because it has an unsecured *priority* claim, the

remaining the proceeds would in principle be distributed on a pro rata basis to the class of general unsecured creditors as a whole.

When a debtor files a bankruptcy petition, all legal or equitable interests the debtor has in property at that time become part of the bankruptcy estate. 11 U.S.C. § 541(a)(1). This applies to a debtor's interest in entireties property. By permitting a debtor to exempt certain interests as a tenant by the entirety, Congress clearly intended such interests to be included initially in the bankruptcy estate. *Napotnik*, 679 F.2d at 318.

Section 541(a)(1) of the Bankruptcy Code notwithstanding, if an interest in property is exempted and ultimately allowed, that interest is exempt "from property of the [bankruptcy] estate". 11 U.S.C. § 522(b).   That is to say, the interest is *ex*cluded from the bankruptcy estate. *Sumy v. Schlossberg*, 777 F.2d 921, 923 (4th Cir. 1985).

The effect of sustaining an objection to an exemption taken pursuant to § 522(b)(2)(B) because both debtor and debtor's spouse are jointly liable for some debt is not the same in every instance.  It is not an all-or-nothing situation.  The phrase "to the extent such interest as a tenant by the entirety … is exempt from process" appearing in § 522(b)(2)(B) means "to the extent there are individual claims". *Sumy*, 777 F.2d at 928.

If an objection to an exemption taken according to § 522(b)(2)(B) is sustained, the exemption is invalid *ab initio to the extent that there are joint debts*.  The property in question remains property of the bankruptcy estate to that extent and is subject to administration by the trustee. *Edmonston v. Murphy (In re Edmonston)*, 107 F.3d 74, 787 (1st Cir. 1997).

If the sum of the joint debts exceeds the amount of the exemption debtor has taken in entireties property, none of the property is exemptible. *In re Wenande*, 107 B.R. 770, 774 (Bankr. D. Wyo. 1989).

If, however, the amount of the exemption exceeds the sum of the debts for which both spouses are liable, the allowable amount of the exemption is reduced by the latter. *In re Fishman*, 241 B.R. 568, 575 (Bankr. N.D. Ill. 1999).  Debtor may still exempt his or her interest in entireties property, less the total amount of all joint debts owed by debtor and his or her spouse. *In re Wenande*, 107 B.R. at 774.  Suppose, for example, that a debtor seeks to exempt his or her interest in entireties property with a total declared value of $15,000 and that the amount of all debts owed jointly by debtor and spouse is $10,000.  The allowed amount of the exemption in debtor's interest in entireties property is $5,000.[3]

Contrary to what debtor asserts, disallowance of the above exemptions will not hinder her "fresh start".  We have determined that such exemptions will be disallowed only to the extent that debtor and her spouse are jointly liable to creditors in this case.  As we will see, the portion of the exemptions that are disallowed is considerably less than the portion that is allowed.

IRS, we have noted, filed a timely proof of claim in the amount of $10,397.84.  Of this amount, $6,909.39 is an unsecured priority claim and $3,488.45 is an unsecured non-

---

[3]  Consensus is lacking concerning how to distribute the disallowed portion of debtor's interest in entireties property for which an exemption was taken pursuant to § 522(b)(2)(B).  Some courts have held that the disallowed portion should be distributed only to creditors to whom both spouses are liable. *E.g.*, *In re McGinn*, 186 B.R. 898, 903 (Bankr. D. Md. 1989).  Others have held that it should be distributed to all creditors of the debtor in accordance with the priorities set forth at § 726 of the Bankruptcy Code. *E.g.*, *In re We*nande, 107 B.R. at 774-75.  We need not decide this issue now, as the question concerning how distribution to is to be made to creditors is not before us.

priority claim.  Also, debtor indicated in the schedules that she and her husband are jointly

liable for the debt and so stipulated in a consent order which was approved by this court.

We conclude in light of this stipulation that the allowed amount of the exemptions

debtor has taken in all of the personalty in which she has an interest as a tenant by the

entirety must be reduced accordingly – i.e., by $10,397.84.

Although the schedules listed Fifth Third Bank as having an unsecured non-

priority claim in the amount of $13,707.38 and identified her husband as a co-debtor with

respect to the obligation, debtor claimed that the debt was owed solely by her husband and

was scheduled as a joint debt in an abundance of caution.  Fifth Third Bank subsequently

filed a proof of claim in this amount, thereby effectively maintaining that debtor was liable

for the obligation along with her husband.

At the hearing on the trustee's objection to debtor's exemptions, debtor steadfastly

denied that she had signed the agreement giving rise to the debt and insisted that someone

had forged her signature.  Faced with the prospect of having to overcome debtor's

testimony if it expected to prevail on its proof of claim, Fifth Third Bank informed the

chapter 7 trustee after conclusion of the evidentiary hearing on the trustee's objection to

the above exemptions that it no longer wished to pursue its claim that debtor is jointly liable

to it along with her husband.

Because of Fifth Third Bank's change of heart, the chapter 7 trustee indicated in

his post-hearing brief that he no longer intended to pursue the proposition that the debt

owed to Fifth Third Bank is a joint obligation of debtor and her husband.  We consequently

will not take this debt into account in resolving the trustee's objection.

Debtor listed a total of $97,290.24 in unsecured non-priority debts on her

schedules. Without specifying which debts they are, debtor and the trustee have stipulated

that only $3,500 of these debts qualify as "necessaries" for purposes of 23 Pa. C.S.A.

§4102, which provides as follows:

> In all cases where debts are contracted for necessaries by either
> spouse for the support and maintenance of the family, it shall be lawful
> for the creditor in this case to institute suit against the husband and wife
> for the price of such necessaries and, after obtaining a judgment, have
> an execution against the spouse contracting the debt alone; and, if no
> property of that spouse is found, execution may be levied upon and
> satisfied out of the separate property of the other spouse.

The scope of "necessaries" for purposes of this provision is not restricted to what

may be considered the bare essentials required to hold body and soul together. Things

required for and suitable in light of the rank and position of the spouses to maintain their

lifestyle are also included. The kind and amount of such necessaries is to be determined

on a case-by-case basis by considering the means, ability, social position and

circumstances of both spouses. *Gimbel Brothers v. Pinto*, 188 Pa. Super. 72, 78, 145 A.2d

865, 869 (1958). The pecuniary circumstances of the non-contracting spouse may be

relevant when considering whether an item qualifies as a "necessary" for purposes of 23

Pa. C.S.A. § 4102.

According to this statutory provision, a creditor to whom a debt is owed for

necessaries purchased by debtor could have brought suit against debtor and her husband

and could have obtained a judgment against both for the price of those necessaries. About

this there is no disagreement.

That is not, however, as far as the argument of the trustee goes. The trustee

further asserts that a creditor with such a judgment for necessaries could have executed

against entireties property in which debtor had an interest to satisfy the judgment. If the

trustee is correct about this, his objection to the exemption debtor took pursuant to § 522

(b)(2)(B) must be sustained to the extent of this debt as well as the joint debt owed to IRS.

The allowed amount of debtor's exemption in her interest in entireties property, in other

words, would have to be reduced by another $3,500.

We previously *rejected* in another case the same trustee's assertion that a

judgment creditor who obtains a judgment against both spouses for necessaries pursuant

to § 4102 could satisfy the judgment by executing on entireties property in which debtor has

an interest. *Zebley v. Olexa (In re Olexa)*, 317 B.R. 290, 294-97 (Bankr. W.D. Pa. 2004).

Because the rationale of *Olexa* applies with equal force to the facts of this case,

we conclude that the allowed amount of debtor's exemptions in entireties property in which

she has an interest is *un*affected by the amount she owes to creditors for necessaries. The

trustee's objection to these exemptions is sustainable only to the extent of the debt to IRS

in the amount of $10,397.84 owed jointly by debtor and her spouse.

One final observation appears appropriate before we conclude this memorandum

opinion.

It was noted previously that debtor also took exemptions pursuant to § 522(b) (2)

(B) in the tract of land on which the marital residence lies ($0) and in the other tract

($33,780).  It is not disputed that both debtor and her husband are jointly liable under the

mortgages encumbering these tracts.

The trustee did not take these properties and the debts owed on them into

account when pursuing his objection to debtor's exemptions taken according to § 522(b)

(2)(B).  He made no mention of the joint debts owed to the mortgagees on these tracts, but

instead limited himself to the joint debts owed to IRS for unpaid taxes and allegedly owed

to other creditors for necessaries.

We take no position concerning whether the trustee should have factored these

joint debts into the equation for determining the extent to which debtor's § 522(b)(2)(B)

exemption should be disallowed.  We will not step into the trustee's shoes and determine

how these joint mortgage debts would affect the outcome of his objection to debtor's

exemptions.

An appropriate order shall issue.


_____
**/s/**
**BERNARD MARKOVITZ**
U.S. Bankruptcy Judge

Dated: **8/1/2005**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

IN RE:

| | | |
|---|---|---|
| **PHYLLIS A. SANNER,** | : | **Bankruptcy No. 04-31975 BM** |
| | : | |
| | : | |
| **Debtor** | : | **Chapter 7** |

**************************************************

| | | |
|---|---|---|
| **CHARLES O. ZEBLEY JR., TRUSTEE,** | : | |
| | : | |
| **Movant** | : | |
| | : | |
| v. | : | **Doc. # 28: Trustee's Objection To** |
| | : | **Claim Of Exemptions** |
| **PHYLLIS A. SANNER,** | : | |
| | : | |
| **Respondent** | : | |

## ORDER OF COURT

**AND NOW**, this **1st** day of **August**, 2005, for reasons set forth in the accompanying memorandum opinion, it hereby is **ORDERED**, **ADJUDGED** and **DECREED** that the chapter 7 trustee's objection to debtor's exemptions is **SUSTAINED IN PART** and **OVERRULED IN PART**. The total amount of the **ALLOWED** exemptions debtor has taken in her interest in entireties property is **REDUCED** by **$10,397.84**.

It is **SO ORDERED**.

_____   **/s/**
**BERNARD MARKOVITZ**
U.S. Bankruptcy Judge

cm: Charles O. Zebley Jr., Esq.                    Raymond P. Bartholomew, Esq.
    Zebley Mehalov & White, P.C.                   Bartholomew & Wish
    P.O. Box 2124                                  701 North Hermitage Road
    Uniontown, PA   15401                          Hermitage, PA   16148